IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN F. FRANCIS,

    Petitioner,

    v.                         CASE NO. 13-3110-SAC

REX PRYOR, Warden,

    Respondent.

## MEMORANDUM AND ORDER

This matter is before the court upon petitioner's Motion to Stay Proceedings (Doc. 8) to allow him to exhaust claims that are pending on collateral appeal in state court. Having considered petitioner's Motion, respondent's Response (Doc. 9), and petitioner's "Supplemental Motion to Stay Proceedings" (Doc. 13) together with the procedural history of petitioner's state criminal case, the court denies petitioner's motion and dismisses this action as "mixed"[1] and for failure to exhaust state court remedies. This dismissal is without prejudice to petitioner filing a federal habeas corpus petition once he has fully exhausted all available state court remedies.

## BACKGROUND AND ARGUMENTS

Mr. Francis filed this federal habeas corpus petition pro se. The court ordered respondents to show cause. While the

---

[1] A petition is "mixed" that contains both exhausted and unexhausted claims.

1

court awaited respondent's Answer and Return, petitioner retained counsel. Counsel entered an appearance on behalf of petitioner and filed this Motion to Stay.

Mr. Francis alleged in his pro se petition that he had exhausted state remedies on all his claims and that "state post-conviction remedy proceedings were finalized on November 16, 2012." However, in his Motion to Stay it is revealed that "Mr. Francis is currently pursuing an appeal of the denial of a post-conviction remedy in the Kansas Court of Appeals" (KCA). This second state post-conviction proceeding is said to challenge petitioner's state conviction on the same claims of ineffective assistance of counsel as are raised in ground 10 of the instant federal petition.[2]

Respondent argues in his Response that "a stay is inappropriate," the proper course is to dismiss this action without prejudice to allow petitioner to exhaust, and that "[u]pon completion of his state court proceedings, Petitioner may then seek federal habeas review." Respondent cites *Rhines v. Weber*, 544 U.S. 269, 276 (1995), and argues that petitioner states no cause for his failure to exhaust state remedies before

---

[2] Petitioner raised claims of ineffective assistance of counsel in his first 60-1507 motion and exhausted those claims. The claims he presents in Ground 10 of his federal petition appear similar to his exhausted claims as well as to the claims he alleges are now before the KCA in his second 60-1507 proceedings. He seems to have refined some of these claims, and in any event, the court accepts petitioner's admission that his claims currently before the KCA are not exhausted.

filing his federal petition and fails to present reasons justifying a stay.

The court directed petitioner to supplement his Motion to Stay and "address whether the instant petition contains both exhausted and unexhausted claims, and whether a new § 2254 petition can be filed within the § 2244(d)(1) limitation period upon resolution of petitioner's pending state court appeal." In his Supplemental Motion to Stay, petitioner admits that his petition is mixed but argues that he satisfies the three-pronged test of *Rhines,* including "good cause for his failure to exhaust." To show the good cause factor, he alleged that he is "an unwary petitioner" that "does not possess an intimate knowledge of civil procedure," and that once he learned of "his mistake," he filed "a second state habeas petition to exhaust his remaining claim."

**LEGAL STANDARDS**

"A district court may not grant a habeas petition if the prisoner has not exhausted the available state court remedies." *Mendenhall v. Parker*, 535 Fed.Appx. 757, 758 (10th Cir. 2013)(unpublished opinion cited for persuasive reasoning)(citing *see* 28 U.S.C. § 2254(b)(1); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). The United States Supreme Court held in *Rose v. Lundy,* 455 U.S. 509, 510 (1982), that a federal district court

3

"may not adjudicate mixed petitions for habeas corpus." *Id.*; *Pliler v. Ford*, 542 U.S. 225, 227 (2004)("Under *Rose*, federal district courts must dismiss 'mixed' habeas petitions."). The Supreme Court cautioned in *Rose*:

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.
>
> * * *
>
> [S]trict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.

*Rose*, 455 U.S. at 519-520. Under *Rose* and § 2254(b)(2), a district court faced with a mixed petition may dismiss the entire petition without prejudice to allow the petitioner to return to state court to fully exhaust his state remedies or permit the petitioner to amend his federal petition to present only exhausted claims.[3]

In *Rhines v. Weber*, the Supreme Court ruled that a stay and abeyance procedure was available when a federal habeas petitioner that has filed a mixed petition meets three requirements-

> petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

---

[3] Alternatively, the court may deny the entire petition if it finds that all claims are without merit.

*Rhines*, 544 U.S. at 278. The Court in *Rhines* further held that if:

> the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.*

*Id.* at 278; *Fairchild v. Workman*, 579 F.3d 1134, 1154 (10th Cir. 2009)(emphasis added). If stay and abeyance is employed too frequently, it will undermine AEDPA's goals of furthering "the principles of comity, finality, and federalism" as well as streamlining federal habeas proceedings by requiring a petitioner to exhaust all his claims in state court prior to filing his federal petition.[4] *Woodford v. Garceau*, 538 U.S. 202 (2003)(quoting *Williams v. Taylor*, 529 U.S. 420, 436, (2000)). Petitioner as movant has the burden to show he is entitled to a stay of these proceedings.

**<u>DISCUSSION</u>**

The parties agree that the instant petition is mixed. Petitioner states that he has not exhausted his 6 claims of ineffective assistance of counsel raised under Ground 10 and

---

[4] To the extent that the exhaustion requirement reduces piecemeal litigation, both the courts and the prisoners should benefit in that the federal court may review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review. *Rose*, 455 U.S. at 519-20.

5

that these claims are currently being litigated in his pending state collateral-appeal proceedings. He asks the court to stay the instant federal proceedings "so that he may exhaust all pending state remedies."

Petitioner's Motion to Stay is denied for the reason that the court is not at all convinced that a stay and abeyance is appropriate or necessary at this time in this case. Petitioner acknowledges in his supplemental motion that under *Rhines* stay and abeyance is for use when dismissing a mixed petition might jeopardize the timeliness of a subsequent federal petition. He alleges in his supplemental motion that the federal "statute of limitations has passed" in this case[5] and that "dismissal of the entire petition would impair" his "right to obtain federal relief." Based on these bald statements he asks that if stay and abeyance is denied, the court allow him to delete his ineffective assistance of counsel claim.

Petitioner has alleged no facts and provided no dates showing that dismissal of this petition, without prejudice, will jeopardize the timeliness of a diligently-filed, subsequent federal habeas petition. Based on the procedural history of petitioner's state court proceedings,[6] the court finds it more

---

[5] In his pro se petition, Mr. Francis stated that his federal petition is timely, based upon his allegation that the one-year limitation period was tolled "from April 13, 2007" by his first state post-conviction proceedings.

[6] For purposes of the motion under consideration, the court is not

6

likely that several months remain in the federal limitations period, which was also tolled upon the filing of petitioner's second state post-conviction motion and remains tolled due to pendency of those proceedings. The stay and abeyance procedure is inappropriate here, where it has not been shown that an outright dismissal could jeopardize the timeliness of petitioner's collateral attack in federal court. As the Supreme

---

required to and does not make specific findings regarding the statute of limitations in this case. Nevertheless, based upon its review of the procedural history of petitioner's cases, the court accepts respondents' general allegation that petitioner has time remaining in the statute of limitations and can re-file his federal habeas corpus petition after state court remedies have been fully exhausted and rejects petitioner's allegation that the federal statute of limitations expired during the pendency of this case.

The following tentative procedural history has been garnered from the petition, court opinions on petitioner's direct and collateral appeals, and the available state court records. In 2003, Mr. Francis was convicted by a jury of first-degree murder for a 1998 shooting incident. In February 2004, he was sentenced to life in prison. He directly appealed, and his conviction was affirmed on October 27, 2006. *State v. Francis*, 282 Kan. 120, 145 P.3d 48 (Kan. 2006). "In April 2007, Francis timely filed a pro se K.S.A. 60-1507 motion, arguing his trial counsel was ineffective" on five grounds. See *Francis v. State*, 206 P.3d 563, (Kan.App. May 8, 2009). The district court summarily denied this motion without an evidentiary hearing, and Francis appealed. The KCA reversed and remanded with directions for the district court to hold an evidentiary hearing. *Id.* at *5. On remand, Judge Davis held a hearing and denied relief. Petitioner appealed, and the KCA affirmed in October 2012. The KSC denied review on November 16, 2012.

Both parties acknowledge that petitioner presently has an appeal pending before the KCA in Appellate Case No. 110310. The Kansas Appellate Courts on-line docket indicates this is an appeal of a decision on a 60-1507 motion filed by Mr. Francis in 2012, given the district court case number is 12CV9501. The motion was denied and Mr. Francis appealed the decision to the KCA. This collateral appeal was docketed in August 2013, counsel was appointed, and petitioner has been granted time extensions to file briefs.

The statute of limitations for filing a federal habeas corpus petition is one year. 28 U.S.C. § 2244(d)(1). Petitioner's direct appeal concluded on October 26, 2006, and he did not file a Petition for Writ of Certiorari in the U.S. Supreme Court. Under current legal precedent, his conviction became "final" for § 2244 purposes on January 27, 2007, after the 90-day time limit expired for filing a *cert*. petition. The federal statute of limitations began running on that date. However, it was statutorily tolled on an undisclosed day in April 2007, when Mr. Francis filed his first state post-conviction motion. It appears that the statute of limitations has been tolled ever since, first during the pendency of the initial 60-1507 proceedings and now during the pendency of the second 60-1507 proceedings.

Court explained, stay and abeyance should "be available only in limited circumstances." In this case, Mr. Francis filed a second state post-conviction motion, appealed its denial, and then filed his federal habeas petition before the state collateral appeal concluded. This scenario is surely not among the "limited circumstances" in which stay and abeyance should be made available.

Nor is this court convinced that Mr. Francis has shown "good cause" for his failure to exhaust state remedies before he filed the instant federal application. A pro se litigant's allegation that he failed to exhaust state court remedies due to his unfamiliarity with legal process or lack of legal knowledge, is not sufficient to establish "good cause" under either an equitable tolling or procedural default analysis. This court can conceive of no reason and is presented with no authority for holding that lack of legal knowledge satisfies the *Rhines* good cause factor.

The court dismisses the instant petition, without prejudice, because it is mixed and for failure to exhaust. Petitioner alleges that he has significant claims challenging the same conviction and trial proceedings currently pending in state court, and does not contend that exhaustion would be futile. Furthermore, petitioner has plainly indicated his desire to include those claims currently being litigated in

state court in his application for federal habeas corpus review and has not shown that dismissal of this action will prevent him from filing a new petition in federal court after his state court remedies have been fully exhausted.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Stay Proceedings (Doc. 8) is denied.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, because the petition is mixed and all available state court remedies have not been exhausted.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2014, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**